**SILLS CUMMIS & GROSS P.C.**
Andrew H. Sherman, Esq.
S. Jason Teele, Esq.
Gregory A. Kopacz, Esq.
Oleh Matviyishyn, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
asherman@sillscummis.com
steele@sillscummis.com
gkopacz@sillscummis.com
omatviyishyn@sillscummis.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| GLOBAL BENEFITS GROUP, INC., *et al.*[1] | Case No. 24-16134 (CMG) |
| Debtors. | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER: (I) APPROVING THE DEBTORS' ENTRY INTO DOMAIN NAME PURCHASE AND SALE AGREEMENT, (II) AUTHORIZING THE PRIVATE SALE OF THE DOMAIN NAME FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (the "**Debtors**") submit this

motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit**

**A** (the "**Sale Order**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Global Benefits Group, Inc. (2750) GBG Holding Incorporated (0280); and International Claims Services, Inc. (6650). The Debtors' address is 902 Carnegie Center Drive, Suite 100, Princeton, NJ 08540.

(the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules of the United States Bankruptcy Court District of New Jersey (the "**Local Rules**"): (i) approving the Debtors' entry into the *Domain Name Purchase and Sale Agreement* (the "**Sale Agreement**"), a copy of which is attached to **Exhibit A** as **Schedules 1**, (ii) authorizing the private sale of the Debtors' domain name "GBG.com" (the "**Domain Name**") to GB Group PLC (the "**Purchaser**") free and clear of liens, claims, encumbrances and interests, and (iii) granting related relief, including payment of applicable Consultant Fees (defined below) by Purchaser. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  This is a core proceeding under 28 U.S.C. §157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1.

## BACKGROUND

### I.      General

3.      On June 18, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11, subchapter V, of the Bankruptcy Code (the "**Chapter 11 Cases**").

4.      The Debtors are currently operating their businesses and managing their properties as debtors-in-possession pursuant to section 1184 of the Bankruptcy Code.

5.      On June 21, 2024, the Office of the United States Trustee appointed Joseph A. Schwartz as Subchapter V Trustee.

-2-

12464233

6.     Additional information regarding the commencement of these Chapter 11 Cases is more fully described in the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 9] (the "**First Day Declaration**").

## II.     The Private Sale of the Domain Name

7.     After negotiating at arms-length, the Debtors have determined in their business judgment to sell the Domain Name to the Purchaser on the terms set forth in the Sale Agreement.

8.     To market the Domain Name, the Debtors retained a broker on or around April 3, 2024, who is an expert in the purchase and sale of domain names.  The broker marketed the Domain Name to companies with initials using "gbg" and other entities who are experts in the purchase and sale of domain names.  Although the broker received moderate interest in the Domain Name, the offer received by Purchaser was clearly the best offer received.

9.     The Domain Name is unencumbered and all proceeds from the proposed sale will directly benefit the Debtors' estates and the Debtors' creditors.

10.     In accordance with Local Rule 6004-1(a), material provisions of the proposed sale include the following:[2]

- Purchaser: GB Group PLC

- Debtor Seller: Global Benefits Group, Inc.

- Description of Property: the domain name "GBG.com" and all of seller's right, title and interest in and to the Domain Name that it has to convey.

- Closing Date: Subject to Court approval, 45 days from the June 11, 2024 effective date, or such sooner date that seller, using its reasonable best efforts, is in a position to transfer the Doman Name.

- Purchase Price: $125,000.00

- Condition of Sale: N/A

---

[2]     To the extent of any inconsistency between the terms of the Sale Agreement summarized herein and the actual terms of the Sale Agreement, the terms of the Sale Agreement shall control.

12464233

- <u>Deadline for Approval or Closing of Sale</u>: Subject to Court approval, 45 days from the June 11, 2024 effective date.

- <u>Deposit Requirement and Deposit Forfeiture</u>: N/A

- <u>Request for Tax Determination</u>: N/A

- <u>Access to Debtors' Books and Records</u>: N/A

- <u>Executory Contracts to be Assumed</u>: N/A

- <u>Credit Bidding</u>: N/A

- <u>Broker/Consultant Fees</u>: The transaction will be set up at Escrow.com by Hilco Digital Assets (the "**Consultant**"), acting as the facilitator of the transaction. Purchaser will pay all Escrow.com fees, which are estimated to be 15% of the purchase price (or $18,750).

11.    A summary of "special provisions" enumerated in Local Rule 6004-1(b) is as follows:

- <u>Sale to Insider</u>: N/A.

- <u>Agreements with Management or Key Employees</u>: N/A

- <u>Waiver, Release or Satisfaction of any Claim</u>:  N/A

- <u>Agreement to Limit Marketing or Not Solicit Competing Offers</u>: This is a private sale.

- <u>Interim Agreement with the Proposed Purchaser</u>: N/A

- <u>Release of Sale Proceeds on or After the Closing, or Allocation of Sale Proceeds Between or Among Sellers, Without Further Court Order</u>: N/A

- <u>Sale or Limitation of Right to Pursue Avoidance Claims Under Chapter 5 of the Bankruptcy Code</u>: N/A

- <u>Limitation of the Proposed Purchaser's Successor Liability</u>:  The Sale Order provides that Purchaser shall have no successor liability for any claims against the Debtors.  ¶6.

- <u>Sale Free and Clear</u>:  The Sale Order provides that the Domain Name is being transferred free and clear of all liens, claims and encumbrances other than permitted liens.  ¶5.

12464233

- <u>Relief from Bankruptcy Rule 6004(h) or 6006(d)</u>:  The Sale Order provides that it shall be effective and enforceable, immediately upon its entry. ¶10.

## **RELIEF REQUESTED**

12.     By this Motion, the Debtors respectfully request the entry of the Sale Order, approving the Debtors' entry into the Sale Agreement, authorizing the private sale of the Domain Name to Purchaser free and clear of all liens, claims, encumbrances and interests, and granting related relief, including payment of applicable Consultant Fees by Purchaser.

## **BASIS FOR RELIEF REQUESTED**

## I.     **The Sale of the Domain Name is Authorized by Section 363 as a Sound Exercise of the Debtors' Business Judgment**

13.     Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Court provides, in pertinent part, that "[t]he Court may issue any order, process or judgment that is necessary and appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14.     Courts generally apply the "business judgment" standard in determining whether to approve a proposed transaction under section 363 of the Bankruptcy Code. *See, e.g.*, *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (under normal circumstances, courts defer to the debtor's judgment concerning the proposed use of estate property under section 363(b) when there is a legitimate business justification); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (the Third Circuit has adopted the "sound business purpose" standard for transactions under section 363).

15.     Under this standard, the debtor bears the initial burden of establishing that a valid business purpose exists for the use of estate property in a manner outside of the debtor's ordinary

course of business. *See In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). Once the debtor

articulates a valid business justification for the proposed transaction, courts will generally

presume that the decision was made "on an informed basis, in good faith and in the honest belief

that the action was in the best interests of the company." *Off. Comm. of Subordinated*

*Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y.

1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

16.     Thus, after a debtor satisfies its initial burden of establishing a valid business

justification, the business judgment rule shields the debtor's management from judicial second-

guessing and mandates that a court approve the debtor's business decision unless the decision is

a product of bad faith or constitutes a gross abuse of discretion. *See*, *e.g.*, *In re Global Crossing*,

295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Johns-Manville Corp.*, 60 B.R. 612, 616

(Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business

decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not

entertain objections to the debtor's conduct").

17.     Here, the Debtors submit that the sale of the Domain Name to the Purchaser is a

sound exercise of their business judgment. The Debtors believe that the consideration offered by

the Purchaser is fair and reasonable – and likely materially more favorable than what the Debtors

otherwise would obtain.  Moreover, the sale to the Purchaser relieves the Debtors of the burden

and cost of attempting to further market and sell the Domain Name, which would likely only be

of interest to a small subset of parties.

18.     The Purchaser's purchase of the Domain Name is the result of good faith, arm's-

length negotiations between the parties. Accordingly, the Debtors request that this Court find that

the Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy

Code[3] and that the sale is not subject to avoidance under section 363(n) of the Bankruptcy Code.[4]

19.     In light of the foregoing, the Debtors respectfully submit that the sale of the Domain Name to the Purchaser is in the best interest of the Debtors' estates, their creditors and other parties in interest.

## II.     The Sale and Transfer of the Domain Name Free and Clear of All Liens, Claims, Encumbrances and Interests is Authorized by Section 363(f)

20.     The Debtors submit that it is appropriate to sell and transfer the Domain Name free and clear of all liens, claims, encumbrances and interests of any nature, including, in each case, all "interests" as such term is defined in section 363(f) of the Bankruptcy Code (collectively, the "**Liens and Interests**"). Section 363(f) of the Bankruptcy Code authorizes a debtor-in-possession to sell assets free and clear of Liens and Interests if: (1) applicable nonbankruptcy law permits sale of property free and clear of such interests; (2) the party asserting such a lien, claim or interest consents to such sale; (3) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.  *See* 11 U.S.C. § 363(f); *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D.

---

[3]     Pursuant to section 363(m) of the Bankruptcy Code, the reversal or modification on appeal of an authorization under sections 363(b) or 363(c) of the Bankruptcy Code does not affect the validity of a disposition under that authorization to an entity that has acted in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the relevant transaction were stayed pending the appeal.  11 U.S.C. § 363(m).

[4]     Section 363(n) of the Bankruptcy Code provides that: "[t]he trustee may avoid a sale under this section if the sale process was controlled by an agreement among the potential bidders at such sale, or may recover from a party to such agreement any amount by which the value of the property sold exceeds the price at which such sale was consummated and may recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount.  In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of this subsection." 11 U.S.C. § 363(n).

12464233

Del. 2002) (section 363(f) "is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens.").

21.     The Debtors submit that sections 363(f)(2), (3) and (5) are satisfied.  First, there are no current known Liens and Interests on the Domain Name. To the extent that any party in interest believes that it has a lien or interest with respect to the Domain Name and it does not object to the applicable sale, any alleged lienholder will also be deemed to consent to the sale free and clear of all Liens and Interests.  Second, to the extent that any parties assert or seek to assert a security interest in the Domain Name, the Debtors request that the Liens and Interests asserted against the Domain Name by any creditor purporting to be a secured creditor be transferred and attach to the proceeds from the sale received by the Debtors, subject to the rights, claims, defenses, and objections, in any, of any and all interested parties with respect thereto.  Lastly, all such parties could be compelled to accept money satisfaction for their interests.  As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied to permit the sale free and clear of all Liens and Interests.

22.     The Debtors also submit that it is appropriate to sell the Domain Name free and clear of successor liability.  The purpose of an order purporting to authorize the transfer of assets free and clear of all "interests" would be frustrated if claimants could thereafter use the transfer as a basis to assert claims against the Purchaser, arising from the Debtors' pre-sale conduct.  Courts routinely hold that a purchaser of a debtor's assets pursuant to section 363 takes free from successor liability resulting from pre-existing claims.  *See*, *e.g.*, *In re Christ Hosp.*, 502 B.R. 158, 171 (Bankr. D.N.J. 2013), *aff'd*, 2014 WL 4613316 (D.N.J. Sept. 12, 2014); *In re Motors Liquid. Co.*, 2016 WL 3766237 (2d Cir. July 13, 2016) *12-13 ("We agree that successor liability claims

can be 'interests' when they flow from a debtor's ownership of transferred assets . . . a bankruptcy court may approve a § 363 sale 'free and clear' of successor liability claims if those claims flow from the debtor's ownership of the sold assets."); *In re Chrysler LLC¸* 405 B.R. 84, 811 (Bankr. S.D.N.Y. 2009) ("[I]n personam claims, including any potential state successor or transferee liability claims against New Chrysler, as well as in rem interests, are encompassed by section 363(f) and are therefore extinguished by the Sale.").

23.     For these reasons, the Purchaser should not be liable under any theory of successor liability relating to the Domain Name, but instead, should hold the Domain Name free and clear of any and all Liens and Interests, including successor liability claims.

## WAIVER OF RULE 6004(h) STAY OF RELIEF, IF APPLICABLE

24.     The Debtors request that the Court waive any stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  FED. R. BANKR. P. 6004(h).  Timely consummation of the sale is of critical importance to the Debtors' efforts to maximize the value of their estates.  Accordingly, the Debtors request that the Court waive any applicable stay period under Bankruptcy Rule 6004(h).

## WAIVER OF MEMORANDUM OF LAW

25.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is incorporated herein and this Motion does not raise any novel issues of law.

## NO PRIOR REQUEST

26.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

12464233

## **NOTICE**

27.     Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) the Debtors' twenty largest unsecured creditors on a consolidated basis; (iii) the subchapter V trustee; (iv) the U.S. Attorney for the District of New Jersey; (v) the Internal Revenue Service; (vi) the attorneys general in the states where the Debtors conduct their business operations; (vii) any parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002; and (viii) the Purchaser. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

12464233

## <u>CONCLUSION</u>

**WHEREFORE**, the Debtors respectfully request that the Court grant the relief requested herein, and such further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: July 3, 2024

**SILLS CUMMIS & GROSS P.C.**

<u>/s/ *S. Jason Teele, Esq.*</u>
Andrew H. Sherman, Esq.
S. Jason Teele, Esq.
Gregory A. Kopacz, Esq.
Oleh Matviyishyn, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(937) 643-6500 (Facsimile)
asherman@sillscummis.com
steele@sillscummis.com
gkopacz@sillscummis.com
omatviyishyn@sillscummis.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

12464233

## EXHIBIT A

**Sale Order**

12464233

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**SILLS CUMMIS & GROSS P.C.**
Andrew H. Sherman, Esq.
S. Jason Teele, Esq.
Gregory A. Kopacz, Esq.
Oleh Matviyishyn, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
asherman@sillscummis.com
steele@sillscummis.com
gkopacz@sillscummis.com
omatviyishyn@sillscummis.com

*Proposed Counsel to the Debtor*
*and Debtor-in-Possession*

| | |
|---|---|
| In re:<br><br>GLOBAL BENEFITS GROUP, INC., *et al.*[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 24-16134 (CMG)<br><br>(Jointly Administered) |

**ORDER: (I) APPROVING THE DEBTORS' ENTRY INTO DOMAIN NAME PURCHASE AND SALE AGREEMENT, (II) AUTHORIZING THE PRIVATE SALE OF THE DOMAIN NAME FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including four

(4), is hereby **ORDERED**.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Global Benefits Group, Inc. (2750) GBG Holding Incorporated (0280); and International Claims Services, Inc. (6650). The Debtors' address is 902 Carnegie Center Drive, Suite 100, Princeton, NJ 08540.

Page: 2
Debtor: Global Benefits Group, Inc., *et al.*
Case No.: 24-16134
Caption: Order: (I) Approving the Debtors' Entry into Domain Name Purchase and Sale Agreement, (II) Authorizing the Private Sale of the Domain Name Free and Clear of Liens, Claims, Encumbrances and Interests, and (III) Granting Related Relief

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), for entry of an order (the "**Order**") pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1, approving the Debtors' entry into the Sale Agreement, authorizing the private sale of the Domain Name to the Purchaser free and clear of any and all liens, claims, encumbrances and interests, and granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1134(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

---

[1]      Capitalized terms not otherwise defined have the meanings ascribed to such terms in the Motion.

Page: 3
Debtor: Global Benefits Group, Inc., *et al.*
Case No.: 24-16134
Caption: Order: (I) Approving the Debtors' Entry into Domain Name Purchase and Sale Agreement, (II) Authorizing the Private Sale of the Domain Name Free and Clear of Liens, Claims, Encumbrances and Interests, and (III) Granting Related Relief

2.      Any objections to the Motion not previously withdrawn, waived, or settled and all reservations of rights related to the Motion, are hereby overruled with prejudice.

3.      The Debtors are authorized to enter into the Sale Agreement attached hereto as **Schedule 1** and effectuate the transactions contemplated therein.

4.      The Purchaser shall acquire Domain Name on an "AS IS-WHERE IS" basis.

5.      Pursuant to section 363 of the Bankruptcy Code, the Debtors are authorized to sell the Domain Name to the Purchaser free and clear of all liens, claims, encumbrances and interests with any such liens, claims, encumbrances and interests attaching only to the sale proceeds with the same validity, priority, force and effect such liens, claims, encumbrances and interests had on the Domain Name immediately prior to the sale.

6.      The Purchaser shall have no successor liability for any claims against the Debtors or related to the Domain Name. All persons and entities (and their respective successors and assigns), including, but not limited to, equity holders, governmental, tax and regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants, and any other creditors or parties are hereby forever barred, estopped, and permanently enjoined from asserting such claims against the Purchaser and its property.

7.      The Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.

8.      The purchase price provided by the Purchaser for the Domain Name is fair and reasonable and the sale may not be avoided under section 363(n) of the Bankruptcy Code

12464233

Page: 4
Debtor: Global Benefits Group, Inc., *et al.*
Case No.: 24-16134
Caption: Order: (I) Approving the Debtors' Entry into Domain Name Purchase and Sale
Agreement, (II) Authorizing the Private Sale of the Domain Name Free and Clear of Liens,
Claims, Encumbrances and Interests, and (III) Granting Related Relief

9.      The Debtors and the Purchaser are authorized to execute and deliver all instruments and documents and take such other action as may be necessary or appropriate to implement and effectuate the sale transaction with the Purchaser pursuant to this Order.

10.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

11.     The Purchaser is authorized and directed to pay any applicable fees or commissions owed to the Consultant in connection with the sale to the Purchaser.

12.     The Purchaser shall, in addition to the purchase price, be responsible for any post purchase sales tax, value added tax or other tax imposed under the laws of the United States arising from the Purchaser's acquisition of the Domain Name, exclusive of any taxes on seller's income arising from or relating to such transfer.

13.     Purchaser shall maintain up to twenty GBG.com email addresses for the Debtors for up to six months in accordance with the terms of the Sale Agreement.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**<u>Schedule 1</u>**

DocuSign Envelope ID: 8DA8B894-9A14-4AD9-85BD-E5A2416F5E73

## DOMAIN NAME PURCHASE AND SALE AGREEMENT

This Domain Name Purchase and Sale Agreement ("Agreement") is entered into as of 11th of June, 2024 (the "Effective Date") ,by and between GB Group PLC with its address at The Foundation, Herons Way, Chester Business Park, Chester, CH4 9GB, England ("Buyer"), and Global Benefits Group, Inc. with its address at 902 Carnegie Center Drive, Suite 100, Princeton, New Jersey 08540  ("Seller").

**WHEREAS** Seller is the sole owner of the domain name **GBG.com** (the "Domain Name"), and wishes to sell and assign to Buyer, and Buyer wishes to purchase from Seller, the Domain Name and all associated rights, title, goodwill & interest that Seller has in the Domain Name.

**NOW THEREFORE**, in consideration of the mutual representations, warranties, covenants, and agreements, and upon the terms and subject to the conditions set forth in this Agreement, and for good and valuable consideration, the parties agree as follows:

1. **PURCHASE AND SALE OF DOMAIN NAME:**  Subject to the terms and conditions of this Agreement, Seller hereby sells, assigns, transfers, conveys, and delivers exclusively to Buyer free and clear of all liens, charges, restrictions, mortgages, pledges, security interests and other encumbrances as of the Transfer Date, and Buyer hereby purchases and acquires from Seller, all of the Seller's right, title and interest in and to the Domain Name that it has to convey.  For purposes of this Agreement, Transfer Date shall be forty-five (45) days from the Effective Date, or such sooner date that Seller, using its reasonable best efforts, is in a position to transfer the domain (the "Transfer Date").

2. **CONSIDERATION:**
   a. <u>Purchase Price</u>: In consideration of the sale of the Domain Name, Buyer agrees to pay one hundred twenty-five thousand dollars and zero cents ($125,000 USD) for the Domain Name (the "Purchase Price").  No more than 3 days before the Transfer Date, Buyer shall submit the Purchase Price, via wire transfer to Escrow.com.
   b. <u>Escrow</u>: The transaction will be set up at Escrow.com by Hilco Digital Assets (the "Consultant"), acting as the facilitator of the transaction. Buyer will pay all Escrow.com fees.
   c. <u>Transfer</u>: Upon confirmation of the receipt of funds by escrow.com from the Buyer, Seller shall transfer the Domain Name to Buyer's account at GoDaddy and take all other measures or actions necessary to transfer ownership and title of the Domain Name to Buyer.  Upon such transfer of the Domain Name into the Buyer's account at Godaddy, Buyer shall authorize to release the funds to Seller.

3. **REPRESENTATIONS AND WARRANTIES:**
   a. <u>Best Efforts; Further Assurances</u>:  Each party shall use its best efforts to take, or cause to be taken, all action, and to do, or cause to be done, all things reasonably necessary, proper or advisable under applicable laws and regulations to consummate and make effective the transactions contemplated by this Agreement within one week of the Effective Date.  Seller agrees to cooperate as needed and to sign all necessary documents to carry out the purpose of this Agreement and to vest in Buyer all right, title and interest in and to the Domain Name that Seller may have, free and clear of any liens, encumbrances, or third-party claims.

DocuSign Envelope ID: 8DA8B894-9A14-4AD9-85BD-E5A2416F5E73

b.  Authority: Each of the parties hereto represents and warrants that is has the right and authority to execute this Agreement on its behalf and has obtained all necessary approvals required to consummate this transaction.

c.  State of Domain Name: Seller represents and warrants that the Domain Name is not, nor has been, (i) the subject of any UDRP, litigation, or litigation threat, (ii) the subject of any state of federal agency investigation, or investigation threat. It is expressly understood by the Parties that (A) Seller has not obtained a trademark registration or filed any application to register a trademark or copyright for the Domain Name with the US Patent and Trademark Office, US Copyright Office or any other governmental agency (domestic or foreign); (B) Seller has conducted no search or investigation, and is under no duty of due diligence to investigate, whether any third party currently claims or could claim any legal rights, inclusive of any intellectual property rights, to the Marks and Rights. Seller represents and warrants that no legal claims have been made to Seller while in ownership of the domain name.

d.  Taxes: Buyer shall, in addition to the Purchase Payment, be responsible for any post purchase sales tax, value added tax or other tax imposed under the laws of the United States arising from the Buyer's acquisition of the Domain Name, exclusive of any taxes on Seller's income arising from or relating to such transfer.

e.  Commission. All Commissions owed to the Consultant will be the sole responsibility of the Seller.

f.  Email addresses:  Buyer agrees to maintain up to twenty GBG.com email addresses for the Seller for up to six months after the Transfer Date.  The email addresses shall be provided to the Buyer prior to the Transfer Date. Seller agrees not to actively use such email addresses and shall not hold itself out as representing or acting for GB Group PLC.

4.    **MISCELLANEOUS:**

a.  Buyer and Seller agree that this Agreement shall inure to the benefit of and be binding upon each of their respective agents, representatives, shareholders, officers, directors, employees, assigns, heirs, subsidiaries, parent companies, and predecessor or successor companies.

b.  This Agreement constitutes the entire agreement between the parties, and supersedes any and all prior agreements or understandings, written or oral, relating to the subject matter hereof.  No other promises, agreements, or understandings, written or oral, shall be binding upon the parties with respect to this subject matter unless contained in this Agreement.

c.  In the event that any of the provisions of this Agreement are held by a court or other tribunal of competent jurisdiction to be illegal, invalid or unenforceable, such provisions shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect.

d.  This Agreement may be executed in counterparts and electronic and facsimile copies of signatures shall be deemed original for all purposes.  This document alone is admissible in any proceeding to interpret or enforce this Agreement.

5.   **CONFIDENTIALITY AND PUBLIC DISCLOSURE:** After the effective date of this Agreement, Seller shall not disclose the sales price to anyone except to: (a) Seller's attorneys, accountants, officers and stock holder; (b) government agencies in order to comply with legal or regulatory requirements; and (c) comply with an order or process issued by a court of competent jurisdiction, after having given Buyer twenty (20) days' notice of the intention to disclose the settlement terms, unless such prior notice is prohibited by applicable law.

6.   **NOTICES.** All notices and other communications required or permitted by this Agreement shall be in writing and will be effective when delivered by email or delivered by a nationally recognized overnight courier service (costs prepaid) to, the applicable Party's mailing address as specified in the first page of this Agreement.

7.   **LAW GOVERNING THIS AGREEMENT**: This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflicts of laws principles that would result in the application of the substantive laws of another jurisdiction. Any action brought by either Party concerning the transactions contemplated by this Agreement shall be brought only in a state or federal court of competent jurisdiction located in Delaware. Both Parties executing this Agreement agree to submit to the jurisdiction of such courts and waive trial by jury.  The prevailing party (which shall be the party which receives an award most closely resembling the remedy or action sought) shall be entitled to recover from the other party its reasonable attorney's fees and costs.

8.   The parties have read, understand, and agree to the terms of this Agreement

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed and delivered as of the date first written below.


SELLER                                          BUYER

DocuSigned by:                                  DocuSigned by:
*Howard Ehrlich*                                *Lara Clark*
15A1469E59414CC...                              D3652789AAB441D...

By: _____                    By: _____
        Howard Ehrlich                                  Lara Clark

Name: _____                    Name: _____
        General Counsel                                 General Counsel & Chief Regulatio

Title: _____                   Title: _____

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| GLOBAL BENEFITS GROUP, INC., *et al.*[1] | Case No. 24-16134 (CMG) |
| Debtors. | (Joint Administration Requested) |

**DECLARATION OF HOWARD EHRLICH IN SUPPORT OF**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER: (I) APPROVING THE DEBTORS'**
**ENTRY INTO DOMAIN NAME PURCHASE AND SALE AGREEMENT,**
**(II) AUTHORIZING THE PRIVATE SALE OF THE DOMAIN NAME FREE**
**AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS,**
**AND (III) GRANTING RELATED RELIEF**

Howard Ehrlich, pursuant to 28 U.S.C. § 1746, declares as follows: [2]

1.      I am a Director of Debtor GBG Holding Incorporated ("**Holding**"), General Counsel for Global Benefits Group, Inc. ("**GBG**") and an authorized representative of International Claims Services, Inc. ("**ICS**" and, together with Holding and GBG, the "**Debtors**").

2.      I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based on my personal knowledge, my discussions with employees of the Debtors and other professionals retained by the Debtors, were learned from my review of relevant documents or are my opinion based upon my experience and knowledge of the Debtors'

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Global Benefits Group, Inc. (2750) GBG Holding Incorporated (0280); and International Claims Services, Inc. (6650). The Debtors' address is 902 Carnegie Center Drive, Suite 100, Princeton, NJ 08540.

[2]      Capitalized terms not otherwise defined shall have the meanings ascribed to such terms in the *Debtors' Motion for Entry of an Order: (I) Approving the Debtors' Entry into Domain Name Purchase and Sale Agreement, (II) Authorizing the Private Sale of the Domain Name Free and Clear of Liens, Claims, Encumbrances and Interests, and (III) Granting Related Relief* (the "**Motion**").

12465580

operations.  I am over the age of 18 and authorized to submit this Declaration on behalf of the

Debtors.  If called upon to testify, I could and would testify competently to the facts set forth

herein.

4.      After negotiating at arms-length and in good faith, the Debtors have determined in

their business judgment to sell the Domain Name to the Purchaser on the terms set forth in the Sale

Agreement.

5.      To market the Domain Name, the Debtors retained a broker on or around April 3,

2024, who is an expert in the purchase and sale of domain names.  The broker marketed the Domain

Name to companies with initials using "gbg" and other entities who are experts in the purchase

and sale of domain names.  Although the broker received moderate interest in the Domain Name,

the offer received by Purchaser was clearly the best offer received.

6.      To the best of my knowledge, the Domain Name is unencumbered and all proceeds

from the proposed sale will directly benefit the Debtors' estates and the Debtors' creditors.

7.      I believe that the sale of the Domain Name to the Purchaser is a sound exercise of

the Debtors' business judgment. I believe that the consideration offered by the Purchaser is fair

and reasonable – and likely materially more favorable than what the Debtors otherwise would

obtain.  Moreover, the sale to the Purchaser relieves the Debtors of the burden and cost of

attempting to further market and sell the Domain Name, which would likely only be of interest to

a small number of parties.

8.      Based on my review, analysis and diligence, as well as my discussions with the

Debtors' advisors, I believe that entering into the Sale Agreement will maximize the value of the

Debtors' estates.  Accordingly, I believe that entry into the Sale Agreement reflects the Debtors'

12465580

exercise of sound business judgment and is in the best interests of creditors and all other parties in interest.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: July 3, 2024                          /s/ *Howard Ehrlich*
                                             Howard Ehrlich

12465580