UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**SILLS CUMMIS & GROSS P.C.**
Andrew H. Sherman, Esq.
S. Jason Teele, Esq.
Gregory A. Kopacz, Esq.
Oleh Matviyishyn, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
asherman@sillscummis.com
steele@sillscummis.com
gkopacz@sillscummis.com
omatviyishyn@sillscummis.com

*Proposed Counsel to the Debtor
and Debtor-in-Possession*

Order Filed on August 6, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>GLOBAL BENEFITS GROUP, INC., *et al.*[1]<br><br>Debtors. | Chapter 11 (Subchapter V)<br><br>Case No. 24-16134 (CMG)<br><br>(Jointly Administered) |

**OMNIBUS ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN
UNEXPIRED LEASES EFFECTIVE AS OF THE PETITION DATE
AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

**DATED: August 6, 2024**

*/s/ Christine M. Gravelle*
Honorable Christine M. Gravelle
United States Bankruptcy Judge

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Global Benefits Group, Inc. (2750) GBG Holding Incorporated (0280); and International Claims Services, Inc. (6650). The Debtors' address is 902 Carnegie Center Drive, Suite 100, Princeton, NJ 08540.

12495501

| | |
|---|---|
| Page: | 2 |
| Debtor: | Global Benefits Group Inc., *et al.* |
| Case No. | 24-16134 (CMG) |
| Caption: | Omnibus Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases Effective as of the Petition Date and (II) Granting Related Relief |

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order, pursuant to section 365(a) of the Bankruptcy Code and rule 6006 of the Federal Rules of Bankruptcy Procedure and the applicable Local Rules, (i) authorizing the Debtors' rejection of the leases (the "**Rejected Leases**") listed on **Schedule 1** hereto, effective as of the Petition Date, and (ii) granting related relief; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that notice of the Motion is sufficient under the circumstances; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The leases listed on **Schedule 1** are, and shall be, deemed rejected as of the Petition Date.

3. Pursuant to section 554(a) of the Bankruptcy Code, any Remaining Property shall be deemed abandoned as of the Petition Date, and the automatic stay is lifted as to any disposition of any Remaining Property by the respective landlord or any other party in possession of any Remaining Property.

---

[2] Capitalized terms used but not defined shall have the meanings ascribed to them in the Motion.

Page:     3
Debtor:   Global Benefits Group Inc., *et al.*
Case No.  24-16134 (CMG)
Caption:  Omnibus Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases Effective as of the Petition Date and (II) Granting Related Relief

4. After entry of this Order, the counterparties to the Rejected Leases shall be prohibited from setting off or otherwise using security deposits or other monetary deposits in their possession or control to reduce their claim(s) against the Debtors without prior Court approval.

5. Any party in interest that asserts a claim arising out of, or relating to, the rejection of any Rejected Leases, including but not limited to any claim under Bankruptcy Code section 502(g)(1), must file a proof of claim by the later of: (i) the claims bar date established in these chapter 11 cases, and (ii) thirty (30) days from the entry of this Order. Any party that fails to timely submit a proof of claim in the appropriate form by the deadline set forth herein will be forever barred, estopped, and enjoined from (i) asserting such claim against any of the Debtors and their estates, (ii) voting on any chapter 11 plan filed in these cases on account of such claim, and (iii) participating in any distribution in the Debtors' chapter 11 cases on account of such claim.

6. The rights of all parties, including the Debtors, to contest any and all claims arising out of, or related to, the rejection by the Debtors of the Rejected Leases are fully preserved.

7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the Debtors; (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; and/or (c) constitute a waiver of the Debtors' rights to dispute any claim on any grounds.

8. Nothing in this Order, including, but not limited to, the inclusion of a lease on **Schedule 1** hereto, constitutes a finding of this Court or an admission by the Debtors that such lease was or was not terminated or expired prior to the Petition Date.

|  |  |
|---|---|
| Page: | 4 |
| Debtor: | Global Benefits Group Inc., *et al.* |
| Case No. | 24-16134 (CMG) |
| Caption: | Omnibus Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases Effective as of the Petition Date and (II) Granting Related Relief |

9. The requirements set forth in Bankruptcy Rule 6006 are satisfied by the contents of the Motion or otherwise deemed waived.

10. Consistent with Bankruptcy Rule 6006(g), this Order constitutes a separate order with respect to each of the Rejected Leases and the notice of rejection of such Rejected Leases covered hereby.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13. The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to D.N.J. LBR 9013-5(f) within two (2) days after entry of this Order.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12495501

## Schedule 1

## Rejected Contracts and Leases

12495501

**REJECTED LEASES**

**The inclusion of a lease on this list does not constitute an admission or finding that such lease is an unexpired lease under section 365 of the Bankruptcy Code or that such lease was or was not terminated or expired prior to the Petition Date. The Debtors reserve the right to raise any defense to, or otherwise dispute, any rejection damages or other claims asserted in connection with any lease included herein.**

| Non-Debtor Counterparty | Non-Debtor Counterparty Address | Lease Description[1] |
|---|---|---|
| Hilton – 902 Carnegie Center, L.L.C. | 902 Carnegie Center, Suite 400 Princeton, New Jersey 08540 | Lease Agreement dated March 26, 2019 |
| Towne Centre Office Partners LLC | 2765 Sand Hill Road, Suite 200 Menlo Park, California 94025 | Lease Agreement dated February 22, 2021 |
| 1000 Waterford Operating LP | 703 Waterford Way, Suite 350 Miami, FL 33126 | Lease Agreement dated December 21, 2021 |

---

[1] All Rejected Leases include any and all amendments, modifications, addendums, schedules, riders or ancillary documents with respect thereto.